TRINETTE G. KENT (State Bar No. 025180)
3219 East Camelback Road, #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Jessica Barber

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Barber, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Navient Solutions, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff, Jessica Barber (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Defendant, Navient Solutions, LLC (hereafter "Defendant"), and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Glendale, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant is a business entity located in Newark, Delaware, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

7.     At all times mentioned herein, Plaintiff utilized a cellular telephone service and was assigned the following telephone number: 602-XXX-4430 (hereafter "Number").

8.     Defendant placed calls to Plaintiff's Number in an attempt to collect a debt from someone other than Plaintiff.

9.     The aforementioned calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls").

10.     Upon answering Defendant's calls, Plaintiff was met with a significant period of silence prior to being connected with a live representative.

11.     During a live conversation that occurred on or about June 8, 2017, Plaintiff told Defendant that it was calling the wrong number and requested that Defendant cease calling.

12.     Knowing that Plaintiff had requested that Defendant cease calling, Defendant continued to call Plaintiff's Number using an ATDS in an excessive and harassing manner.

13.     Defendant's calls directly and substantially interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff to suffer a significant amount of anxiety, frustration, and annoyance.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

14.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

15.     The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so.  *See* 47 U.S.C. § 227(b)(1).

16.     Defendant's telephone system has the earmark of using an ATDS in that Plaintiff, upon answering calls from Defendant, heard extended silence prior to being connected with a live representative.

17.     Defendant called Plaintiff's Number using an ATDS without Plaintiff's consent in that Defendant either never had Plaintiff's prior express consent to do so, or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

18.     Defendant continued to willfully call Plaintiff's Number using an ATDS knowing that it lacked the requisite consent to do so in violation of the TCPA.

19.     Plaintiff was harmed and suffered damages as a result of Defendant's actions.

20.     The TCPA creates a private right of action against persons who violate the Act.  *See* 47 U.S.C. § 227(b)(3).

4

21.    As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

22.    As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

B. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3); and

C. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 13, 2017                TRINETTE G. KENT

By:   */s/   Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Jessica Barber